CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED for
RUS
JUL 0 2 2007
JOHN F. CORCORAN, CLERK
BY: H McDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MICHAEL EDWARDS MILLER, #327324 ) | |
| ) | |
| Petitioner, ) | Civil Action No. 7:07cv00139 |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| GENE M. JOHNSON, Director of ) | By: Jackson L. Kiser |
| Virginia Department of Corrections, ) | Senior U.S. District Judge |
| ) | |
| Respondent. ) | |

Petitioner Michael Edwards Miller, a Virginia inmate proceeding pro se, has filed this action as a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Miller challenges the validity of his convictions in the Circuit Court of Tazewell County. This action is presently before the court on respondent's motion to dismiss. For the reasons set forth below, the court will grant respondent's motion.

## BACKGROUND/FACTS

On April 4, 2003, Miller was convicted in the Circuit Court of Tazewell County of first degree murder, use of a firearm during the commission of murder, unlawful wounding, use of a firearm during the commission of unlawful wounding, abduction, use of a firearm during the commission of an abduction, statutory burglary while armed with intent to commit murder, and use of a firearm in the commission of statutory burglary with intent to commit murder. On October 31, 2003, he was sentenced to a total term of imprisonment of 67 years and 6 months.

Miller appealed his convictions to the Court of Appeals of Virginia, citing fourteen grounds.[1]

---

[1] The grounds were that the trial court erred by the following: (1) refusing to permit Miller to apply ex parte for expert services; (2) refusing Miller DNA analysis requested pursuant to Virginia law; (3) refusing to issue a subpoena duces tecum for the psychiatric records of the victim; (4) failing to identify and disclose exculpatory evidence in reviewing the statements of the Commonwealth's witnesses; (5) refusing to sever the charges of unlawful

On December 22, 2004, his appeal was denied as the Court of Appeals found no reversible error by the trial court. That decision was adopted by a three-judge panel of the Court of Appeals on March 24, 2005. Miller next filed a petition for appeal in the Supreme Court of Virginia citing thirteen grounds, all raised below.[2] The court found no reversible error, and on July 29, 2005, the petition for appeal was refused. Miller filed a petition for a writ of certiorari to the United States Supreme Court, but that petition was also denied on December 21, 2006.

On July 26, 2006, Miller filed a petition for writ of habeas corpus in the Supreme Court of Virginia in which he raised the following eighteen claims of ineffective assistance of counsel:

(A)   Counsel failed to argue at a suppression hearing that evidence should be suppressed and/or at trial that some evidence and the crime scene were tampered with.

(B)   Counsel failed to argue that the physical evidence did not support the finding that petitioner dragged and abducted Alicia Lambert out of the house.

(C)   Counsel failed to argue that the physical evidence did not support the finding that Miller committed a breaking and entering of the house.

(D)   Counsel failed to request appointment of a ballistics expert to determine "whether the location of the .22 caliber shell (item #15) could have landed there according to the way Alicia Lambert said she fired the .22 caliber gun."

(E)   Counsel failed to request appointment of an independent forensics expert to test for fingerprints and perform a blood analysis on a piece of metal found on top of the bed, which Miller believes to have been used by the victim to cut Miller's hand.

(F)   Counsel failed to request appointment of an independent forensics expert to "test for fingerprint analysis of the .22 caliber gun (item #33) and for gunshot residue from

---

wounding for a separate trial; (6) refusing to suppress a statement given by Miller to Investigator Bales; (7) permitting the playing of a 911 tape to the jury; (8) the evidence was insufficient to support the convictions; (9) permitting Robert Lowery to testify about a statement made by Alicia Lambert (a victim); (10) permitting Investigator Bales to testify about bloody footprints at the scene of the crime; (11) permitting Investigator Bales to speculate regarding a victim's injuries; (12) refusing to grant Miller's proposed Instruction 15; (13) refusing to grant Miller's proposed Instruction 22; (14) refusing to grant Miller's proposed Instruction 29.

[2] Miller dropped ground (4) from his petition in the Court of Appeals.

[Miller] matching the .22 caliber gun recovered from the pickup truck to determine whether it could be attributed or traced to [Miller] in any manner."

(G)  Counsel failed to request appointment of an independent forensics expert to test the 30.06 caliber rifle for fingerprints to determine whether the victim's fingerprints were on the end of the barrel of the rifle.

(H)  Counsel failed to request that the trial court compel the prosecution to subject Alicia Lambert to a medical examination to determine whether the wound on her forearm was caused by a .30-06 or .22 caliber gun.

(I)  Counsel failed to argue at trial the error of permitting Investigator Bales' testimony regarding the source of the bloody footprints at the crime scene, thereby precluding review of the error on appeal.

(J)  Counsel failed to argue at trial that Bales' testimony served to inflame the jury against Miller by "interjecting that a child was permitted to be at the crime scene" and that such testimony was irrelevant to the charges against Miller, thereby precluding review of the error on appeal.

(K)  Counsel failed to argue at trial that Lowery's testimony, which constituted inadmissible hearsay, was highly prejudicial and violated Miller's right to cross-examination of the witness, thereby precluding review of the error on appeal.

(L)  Counsel failed to investigate alleged crimes and evidence.

(M)  Counsel failed to impeach witnesses at trial.

(N)  Counsel failed to object to prosecutorial misconduct.

(O)  Counsel failed to ask for a change of venue due to the publicity of the case in a small rural county.

(P)  Counsel failed to assign as error on direct appeal the trial court's failure to "recuse two jurors after one was noted by the trial judge and the other by [Miller] as sleeping and/or not being attentive to the trial," and counsel argued for recusal of both jurors at trial.

(Q)  Counsel failed to assign as error on appeal to the Supreme Court of Virginia assignment of error (4) from the petition for appeal in the Court of Appeals of Virginia.

(R)  The cumulative effect of trial counsel's acts and omissions (error, generally) violated

3

Miller's due process rights.

Miller included in his petition no facts in support of these claims. Instead, Miller filed a motion for leave to reserve the supporting facts and argument for a later date, claiming that he only had a "couple of weeks" to review his case file after receiving it from his attorney and that it was "impossible for [him] to prepare and file meaningful documents in [the Supreme Court of Virginia] within the short period of time" before the statutory filing deadline of July 29, 2006. The motion was denied on August 23, 2006.

On August 31, 2006, Miller filed a motion to amend in the Supreme Court of Virginia, which included the facts and arguments in support of the eighteen claims contained in his original petition, but this motion was denied on October 2, 2006. Respondent moved to dismiss Miller's petition, and, on December 21, 2006, the court granted the motion, finding that Miller had failed to allege any facts or argument in support of his claims that would tend to prove ineffective assistance of counsel. As no facts were alleged, the court held that, pursuant to the two-part test from Strickland v. Washington, 466 U.S. 668 (1984), none of Miller's eighteen claims demonstrated deficient performance or prejudice.

Miller timely filed the instant petition on March 22, 2007. The petition consists of two claims, with nineteen total allegations. The first claim is that the trial court erred in failing to identify and disclose exculpatory evidence in reviewing statements of the Commonwealth's witnesses.[3] The remaining eighteen allegations of ineffective assistance of counsel are grouped as claims (2)(A) through (2)(R), and are identical to the eighteen claims previously raised in the Supreme Court of

---

[3] This is the identical claim (4) from Miller's petition for appeal in the Court of Appeals of Virginia that was dropped in his direct appeal to the Supreme Court of Virginia, and is also at issue in claim (2)(Q) of the instant petition.

Virginia. Respondent moved to dismiss Miller's petition on May 29, 2007, arguing that claim (1) is procedurally defaulted, and that this court should give deference to the decisions made by the Supreme Court of Virginia on claims (2)(A)-(R). Miller responded on June 11, 2007 and, therefore, the petition is ripe for review.

## ANALYSIS

### I. CLAIM (1)

Under 28 U.S.C. § 2254(b), a federal court cannot grant a habeas petition unless petitioner has exhausted the remedies available in the courts of the state in which he was convicted. Preiser v. Rodriguez, 411 U.S. 475 (1973). The exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim, here the Supreme Court of Virginia. See O'Sullivan v. Boerckel, 119 S. Ct. 1728 (1999). Miller raised this claim on direct appeal in the Court of Appeals of Virginia, but never raised the claim in his subsequent appeal in the Supreme Court of Virginia. Miller has, therefore, not exhausted his state remedies as to Claim (1).

Typically, if a prisoner has failed to exhaust all the claims in his petition, the entire petition is subject to dismissal. See 28 U.S.C. § 2254(d)(2); see also Rose v. Lundy, 455 U.S. 509, 522 (1982); Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997). 28 U.S.C. § 2254(b)(1)(B) provides that a petition need not, however, be dismissed for lack of exhaustion if there is "an absence of available State corrective process." When state courts would refuse to review a claim based on the petitioner's failure to comply with state procedural rules, this creates "an absence of available State corrective process." See Teague v. Lane, 489 U.S. 288, 298 (1989). Since Miller failed to raise this claim on direct appeal, it would now be barred from review in state court pursuant to the appellate default rule of Slayton v. Parrigan, 215 Va. 27, 29 (1974). As Miller's claim would be barred from

5

review in state court, I find there to be an absence of available state corrective process and, therefore, deem the claim exhausted, but also procedurally defaulted. See Teague, 489 U.S. at 297-99.

Federal review of the claim is, however, still precluded unless Miller can demonstrate "cause for the default and actual prejudice as a result of the alleged violation of federal law" or "that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 749 (1991); see also Teague, 489 U.S. at 288; Fisher v. Angelone, 163 F.3d 835, 844-45 (4th Cir. 1998).

Generally, a petitioner can demonstrate cause by showing that some "objective factor external to the defense" impeded his efforts to comply with the State's procedural rules. Strickler v. Greene, 557 U.S. 263, 283 n.24 (1999)(quoting Murray v. Carrier, 477 U.S. 478, 488 (1996)). In his petition, Miller's only contention as to cause is that his attorney improperly dropped the claim on direct appeal without telling Miller why. As Miller is constitutionally entitled to effective assistance of counsel on direct appeal, see Evitts v. Lucey, 469 U.S. 387, 396 (1985), a showing of attorney error that satisfies the two-part Strickland standard may be used to establish cause to excuse a procedural default. Burkett v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000) (citing Coleman, 501 U.S. at 752-54).

Under Strickland, Miller has the burden of demonstrating both that his attorney's performance was deficient and that he was prejudiced as a result. See Strickland, 466 U.S. at 687. Miller fails to demonstrate either prong of the Strickland test. He makes no contention that counsel was at error in failing to pursue the claim on direct appeal, only that counsel dropped it without telling Miller why. Furthermore, the Court of Appeals of Virginia held on direct appeal that the claim was not supported by any facts in the record, and that Miller did not cite any specific place in

6

the record which would substantiate his claim. I find that counsel's performance in dropping the claim after adjudication by the Court of Appeals was not deficient, and therefore, Miller fails to demonstrate the "performance" prong of the Strickland test. As counsel was not ineffective in failing to raise the claim on direct appeal, his performance cannot be used to establish cause. Accordingly, I find that Miller has not demonstrated cause sufficient to excuse the procedural default of claim (1).

A petitioner may also excuse a procedural default by establishing that failure to consider the claim would result in a fundamental miscarriage of justice. A fundamental miscarriage of justice is the functional equivalent of "actual innocence." See Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Weeks v. Angelone, 176 F.3d 249, 269 n. 11 (4th Cir. 1999). In order to demonstrate actual innocence, Miller must show that, if new reliable evidence were introduced, it is more likely than not that no reasonable juror would convict him. Schlup v. Delo, 513 U.S. 298, 324-37 (1995); Royal v. Taylor, 188 F.3d 239, 243-44 (4th Cir. 1999). In this instance, Miller has not provided any evidence of his innocence or even made any argument as to such innocence. Accordingly, I conclude that Miller fails to demonstrate a "fundamental miscarriage of justice" so as to excuse his procedural default.

Since Miller has demonstrated neither cause for his default nor actual innocence, I find claim (1) to be procedurally defaulted. Accordingly, claim (1) must be dismissed.

II. CLAIMS (2)(A)-(R)

A court may not grant relief on any claim that the state court has adjudicated on the merits unless that adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law," or "resulted in a decision that was based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d)(1)-(2); see Williams v. Taylor, 529

U.S. 362, 376-77 (2000).

In order to establish a claim of ineffective assistance of counsel, clearly established federal law provides that a habeas petitioner must show both that counsel's performance fell below an objective standard of reasonableness and also that there is a reasonable probability that, but for counsel's allegedly deficient performance, the outcome of his case would have been different. Strickland, 466 U.S. at 694.

In claim (2)(A), Miller contends that trial counsel was ineffective in failing to argue at the suppression hearing that evidence had been tampered with. In adjudicating claim (2)(A), the Supreme Court of Virginia found that Miller failed to allege which evidence he contends should have been suppressed or was tampered with. The court further found that Miller failed to articulate the grounds upon which counsel should have raised these issues. In addition, Miller did not describe the alleged tampering or how it impacted the evidence

In claim (2)(B), Miller contends that trial counsel was ineffective in failing to argue that physical evidence did not support the proposition that Miller dragged and abducted Alicia Lambert from her house. In adjudicating claim (2)(B), the Supreme Court of Virginia found that Lambert testified that Miller shot both her and her father, grabbed Lambert by the hair, and took her from the house. The court also found that Miller failed to identify what physical evidence would contradict Lambert's testimony, how any physical evidence would contradict the testimony, or how such evidence would have negated the evidence that Lambert was abducted.

In claim (2)(C), Miller contends that trial counsel was ineffective in failing to argue that the physical evidence did not support the proposition that there was a breaking and entering. In adjudicating claim (2)(C), the Supreme Court of Virginia found that Lambert testified that her door

8

had been locked and that Miller did not have permission to come inside her house. The court further found that Miller failed to articulate how the physical evidence did not support the finding that he committed a breaking and entering of the house.

In claims (2)(D), (E), (F), and (G), Miller contends that trial counsel was ineffective in failing to request the appointment of a ballistics expert to examine four forensic elements of the crime scene. In adjudicating claims (2)(D)-(G), the Supreme Court of Virginia found that Miller provided no factual basis to support his contention that such experts would have been appointed, and he did not proffer what conclusions, if any, that these experts would have reached.

In claim (2)(H), Miller contends that trial counsel was ineffective in failing to request the trial court to compel the prosecution to subject Lambert to a medical examination to determine what type of gun caused the wound on her forearm. In adjudicating claim (2)(H), the Supreme Court of Virginia found that Miller had proffered no evidence to demonstrate what a medical examination would have revealed or that the wound was inflicted in a manner different than described by Lambert.

In claim (2)(I), Miller contends that trial counsel was ineffective in failing to argue at trial the error of permitting Investigator Bales' testimony regarding the source of bloody footprints at the crime scene. In adjudicating claim (2)(I), the Supreme Court of Virginia found that Miller did not articulate what the alleged error was, what objection counsel should have made, or what difference this argument would have made at trial or on appeal.

In claim (2)(J), Miller contends that trial counsel was ineffective in failing to argue at trial that Bales' testimony concerning the child at the crime scene was irrelevant. In adjudicating claim (2)(J), the Supreme Court of Virginia examined the record and trial transcript and found that the

9

child's presence at the crime scene was not irrelevant in light of Miller's claim that he had gone to the house to see about his child. Furthermore, the court found that the testimony served to contradict Miller's argument that he merely left the house with Lambert and did not abduct her, as he did not also take the child, and found that a relevancy objection would have been frivolous. As such, the court found that Miller had failed to demonstrate that counsel's performance was deficient.

In claim (2)(K), Miller contends that trial counsel was ineffective in failing to argue that Office Lowery's testimony was hearsay, prejudicial, and violated Miller's right to cross-examine the witness. In adjudicating claim (2)(K), the Supreme Court of Virginia examined the trial transcript and found that Miller's trial counsel had repeatedly objected, on hearsay grounds, to Lowery's testimony concerning Lambert's outburst at the hospital. The court further found that Miller failed to articulate how Lowery's testimony was prejudicial, and that Miller was not denied his right to confrontation because Lambert testified at trial.

In claim (2)(L), Miller contends that trial counsel was ineffective in failing to "investigate the crimes and evidence." In claim (2)(M), Miller contends that trial counsel was ineffective in failing to impeach witnesses at trial, and in claim (2)(N), Miller contends that trial counsel was ineffective in failing to object to prosecutorial misconduct. In adjudicating claims (2)(L), (M), and (N), the Supreme Court of Virginia found that Miller failed to make any argument or provide any factual support for the claims, and, citing Penn v. Smyth, 188 Va. 367, 370-71 (1948), held them to be "conclusional" and not able to support the issuance of a writ of habeas corpus.

In claim (2)(O), Miller contends that trial counsel was ineffective in failing to ask for a change of venue. In adjudicating claim (2)(O), the Supreme Court of Virginia found that Miller failed to articulate a factual basis to establish that a change of venue was warranted or would have

10

been granted had counsel raised the issue.

In claim (2)(P), Miller contends that trial counsel was ineffective in failing to assign as error on appeal that two jurors slept during the trial. In adjudicating claim (2)(P), the Supreme Court of Virginia found that Miller failed to articulate a factual basis to establish that this argument was sufficiently preserved at trial or had legal merit. Furthermore, the court stated that "the selection of issues to address on appeal is left to the discretion of appellate counsel, and counsel need not address every possible issue on appeal." Jones v. Barnes, 463 U.S. 745, 751-52 (1983).

In claim (2)(Q), Miller contends that trial counsel was ineffective in failing to assign as error on appeal to the Supreme Court of Virginia assignment of error (4) of the Petition for Appeal to the Virginia Court of Appeals. In adjudicating claim (2)(Q), the Supreme Court of Virginia again cited Jones in support of the holding that the selection of issues to address on appeal is left to the discretion of appellate counsel, and counsel need not address every possible issue on appeal. The court further found that Miller failed to establish that assignment of error (4), raised in the Court of Appeals, had any merit.

In claim (2)(R), Miller contends that trial counsel was ineffective because the cumulative effect of counsel's acts and omissions violated due process. In adjudicating claim (2)(R), the Supreme Court of Virginia found that Miller failed to demonstrate prejudice as a result of any of counsel's alleged errors and went on to state that, "[h]aving rejected each of petitioner's individual claims, there is no support for the proposition that such actions when considered collectively have deprived petitioner of his constitutional right to counsel."[4]

---

[4] This logic comes from the United States Court of Appeals for the Fourth Circuit in Fisher v. Angelone, 163 F.3d 835, 852 (4th Cir. 1998). In Fisher, the Fourth Circuit stated that when "none of counsel's actions could be considered constitutional error, . . . it would be odd, to say the least to conclude that those same actions, when

The Supreme Court of Virginia held, as to all eighteen claims, that Miller provided no argument or factual support for his claims and, therefore, did not meet his burden of demonstrating that his trial counsel was deficient nor that there was a reasonable probability that, but for counsel's alleged error, the outcome of the proceeding would have been different. As such, the Supreme Court of Virginia found that claims (2)(A)-(R) failed to satisfy either prong of the two-part <u>Strickland</u> test and must therefore be dismissed. I find that the Supreme Court of Virginia reasonably applied clearly established federal law and that its decision was not based upon an unreasonable determination of the facts. Accordingly, claims (2)(A)-(R) must be dismissed.

## CONCLUSION

For the reasons stated, the court will grant respondent's motion to dismiss.

The Clerk is directed to send a certified copy of this Memorandum and Opinion and the accompanying Order to the petitioner.

ENTER: This 2nd day of July, 2007.

Senior U.S. District Judge

---

considered collectively, deprived Fisher of a fair trial." Furthermore, in <u>Mueller v. Angelone</u>, 181 F.3d 557, 586 n.22 (4th Cir. 1999), the Fourth Circuit applied <u>Fisher</u> and concluded that the "cumulative prejudice" argument in state habeas cases was "squarely foreclosed."

12